CLINTONVILLE COMMUNITY HOSPITAL ASSOCIATION, Respondent, v. CITY OF CLINTONVILLE, Appellant. [Case No. 76–120.]

CLINTONVILLE COMMUNITY HOSPITAL ASSOCIATION, Respondent, v. CITY OF MARION, Appellant. [Case No. 76–121.]

Supreme Court

*Nos. 76–120, 76–121. Argued January 8, 1979.—Decided February 27, 1979.*
(Also reported in 275 N.W.2d 655.)

636

For the appellant there was a brief by *Ralph M. Lauer* and *Lauer & Meyer* of Clintonville, and oral argument by *Ralph M. Lauer*.

For the respondent there was a brief by *Gerald E. Connolly* and *Mullarkey & Connolly* of Clintonville, and oral argument by *Jerald Connolly*.

HEFFERNAN, J. Medical care was afforded to nine patients by the Clintonville Community Hospital. The hospital sought reimbursement by the City of Clintonville for the care given to seven of the patients and by the City of Marion for the care given to two patients. The action was brought under sec. 49.02(5), Stats., which provides for reimbursement by the county or municipality for care or hospitalization given eligible dependent persons:

". . . when, in the reasonable opinion of a physician, immediate and indispensable care or hospitalization is required, and prior authorization therefor cannot be obtained without delay likely to injury the patient."

The hospital's actions against the City of Clintonville and against the City of Marion were brought separately but were consolidated for trial. The trial court on the basis of the evidence concluded that each of the nine patients was entitled to relief under ch. 49, Stats., and that immediate and indispensable care and hospitalization were required in respect to each of the nine patients.

The trial court in its opinion found that the hospital had met its burden of proof to show that the persons to whom hospitalization was afforded were without presently available money or other means sufficient to provide medical services. The court also found that the hospital submitted sufficient proof to show that immediate and indispensable care or hospitalization was required.

Because this case was tried before the court, these findings of fact must be sustained on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Peabody Seating Co., Inc. v. Jim Cullen, Inc.,* 56 Wis.2d 119, 201 N.W.2d 546 (1972). We are satisfied from a review of the record that these two crucial findings were not contrary to the great weight and clear preponderance of the evidence; and, accordingly, the judgment based on these findings must be affirmed in respect to the charges for care of each of the nine patients.

The controlling statute, sec. 49.01(1), Stats., defines "relief" to include hospital care. Hospital care as a form of relief is to be afforded to eligible dependent persons under the provisions of sec. 49.02(1). A dependent person is defined by sec. 49.01(4) as:

"[A] person without the present available money or income or property or credit or other means by which the same can be presently obtained . . . ."

To receive relief, a dependent person must also be "eligible" under the provisions of sec. 49.01(7), Stats. Eligibility under this subsection of the statutes refers primarily to residency in the state. It is conceded that all of the patients to whom care was afforded were, under that test, eligible and thus entitled to relief if they were also dependent and were afforded care in accordance with the provisions of sec. 49.02(5). That subsection provides:

"**49.02   Relief administration.**
". . . .
"(5) The municipality or county shall be liable for the hospitalization of and care rendered by a physician and surgeon to a person entitled to relief under this chapter, without previously authorizing the same, when, in the reasonable opinion of a physician, immediate and indis-

pensable care or hospitalization is required, and prior authorization therefor cannot be obtained without delay likely to injure the patient. There shall be no liability for such care or hospitalization beyond what is reasonably required by the circumstances of the case, and liability shall not attach unless, within 7 days after furnishing the first care or hospitalization of the patient, written notices by the attending physician and by the hospital be mailed or delivered to the official or agency designated in accordance with this section, reciting the name and address of the patient, so far as known, and the nature of the illness or injury, and the probable duration of necessary treatment and hospitalization. Any municipality giving care or hospitalization as provided in this section to a person who has settlement in some other municipality may recover from such other municipality as provided in s. 49.11."

The trial court correctly analyzed the prerequisites for municipal liability for hospitalization or medical care under sec. 49.02(5), Stats. The trial court's opinion stated:

"Under Section 49.02(5) of the Statutes, the conditions which must be satisfied to enable a hospital to recover from a municipality for hospital care furnished dependent patients are as follows:

"1. The person to whom hospitalization is furnished must be entitled to relief under Chapter 49.

"2. In the reasonable opinion of a physician immediate and indispensable care and hospitalization is required.

"3. Prior authorization therefor cannot be obtained without delay likely to injure the patient.

"4. There shall be no liability for such hospitalization beyond what is reasonably required by the circumstances of the case.

"5. Liability shall not attach unless, within seven days after furnishing the first care or hospitalization of the patient, written notice by the attending physician and by the hospital is mailed to the official or agency designated in accordance with that section, giving the name and address of the patient and the nature of the illness."

It is conceded that, in respect to each of the patients, the hospital submitted the written notices required by sec. 49.02(5), Stats.

The first criterion is whether the person afforded hospital care was entitled to relief under ch. 49, Stats. To put that criterion in the terms of the statute, the issue is whether the individuals afforded relief were without presently available money or income or other means to obtain hospitalization. The trial court found as a matter of fact that the first criterion was satisfied. The evidence shows that a determination of dependency was made by the hospital when each patient was admitted. Each patient was asked about employment, income, insurance, living conditions, and family financial situation.

With respect to each of the individuals for whom a claim was made against the City of Clintonville, the hospital business office determined that the patient had no known assets or income and no employment.

In respect to each of the patients for whom a claim was made against the City of Marion, information was elicited which showed that the patient was unemployed, had no income, and had only insignificant assets.

The evidence of dependency of each of these patients was presented by Judith Hansen, the social services coordinator at the Clintonville Community Hospital. She described the procedure used by the hospital to determine the ability of patients to pay for their care and hospitalization. Although none of the patients was personally interviewed by Hansen, she testified, without objection, from hospital records prepared by admissions personnel when each of the nine patients was admitted to the hospital.

The two defendant cities, Clintonville and Marion, chose not to present any evidence to dispute the hospital's proof that each of the nine patients was dependent and, hence, entitled to relief. Rather, they chose to cross-

examine Hansen and attempted to undermine the facts relied upon by the hospital to show dependency. Hansen acknowledged on cross-examination that no prescribed forms were used in making the credit investigations but that a memorandum was prepared in respect to each patient. She acknowledged that the hospital did not have independent information about the patients financial status and that the hospital took the word of the patients in respect to dependency.

The trial court found that the hospital met the minimal standards in its determination of the dependency of each of these patients and had discharged its burden of proof. The municipalities submitted no proof contrary to that submitted by the hospital. Accordingly, the trial courts finding of dependency—and, hence, entitlement to relief —is not contrary to the great weight and clear preponderance of the evidence.

Additionally, however, the municipalities argued that the investigation by the hospital in determining indigency was inadequate and dependency is in any event a factual question to be determined by the relief administrator for the particular municipality. Sec. 49.02(1), Stats., provides:

"49.02 **Relief administration.** (1) Every municipality shall furnish relief only to all eligible dependent persons therein and shall establish or designate an official or agency to administer the same."

It appears, however, that, when that section, which in the ordinary case indeed vests the local relief administrator with authority to make a determination of indigency, is read in conjunction with sec. 49.02(5), Stats., such authority is not initially applicable in respect to a person who is in need of immediate care or hospitalization. Sec. 49.02(5) specifically provides that care is to be afforded by the hospital even though "prior authorization therefor [by a relief agency] cannot be obtained . . . ."

In cases where prior authorization for care cannot be obtained without delay likely to injure the patient, the hospital's ability to recover for that care will depend on whether it can show that the patient was in fact entitled to relief. The hospital is not expressly required to make any investigation of eligibility of dependency. It is, of course, prudent and reasonable for the hospital to make a financial inquiry, so that it will know that notice required by sec. 49.02 (5), Stats., must be given to relief authorities and so that it will better be able to meet its burden of proving that the patient was entitled to relief.

The appellant municipalities suggest that the test of whether a person is entitled to relief under sec. 49.02(5), Stats., rests on the adequacy of the hospital's investigation of the finances of the patient. The statute, however, makes no reference to the adequacy of the investigation by the hospital. The test of the statute is whether the person admitted was in fact entitled to relief and not whether the hospital properly or completely investigated the entitlement to relief.

This court has in the past refused to read into the public assistance chapter any requirements for eligibility or dependency not set forth therein. *State ex rel. Tiner v. Milwaukee County,* 81 Wis.2d 277, 282, 260 N.W.2d 393 (1977) ; *Mercy Medical Center of Oshkosh, Inc. v. Winnebago County,* 58 Wis.2d 260, 206 N.W.2d 198 (1973) ; *State ex rel. Sell v. Milwaukee County,* 65 Wis.2d 219, 222 N.W.2d 592 (1974). We decline to read into the statute a requirement of prior investigation of entitlement to relief.

In the instant case, the only evidence was that presented by the hospital, which showed that the nine patients were dependent. No contrary evidence was

presented, and the trial court's finding that they were dependent must be accepted as a verity on this appeal.

While we determine that dependency is a fact question which may be questioned by the municipality and ultimately determined by the court, the question of whether a dependent person requires immediate and indispensable care or hospitalization is solely within the province of medical testimony. If the physician's determination or opinion is reasonable, the matter is concluded; and only where there is medical evidence which would lead the trier of fact to find that the physician's opinion was unreasonable could a municipality be found not liable on that ground for the care or hospitalization.

The trial court's finding in that respect is also to be tested on review by whether it is contrary to the great weight and clear preponderance of the evidence.

In respect to each of the nine patients, depositions of the admitting physicians showed that there was a need for immediate and indispensable care. The testimony of each physician detailed the immediate problems confronting the patients, and each physician stated why he concluded that immediate admission to the hospital was necessary. This evidence, presented in deposition form to the trial court, which included cross-examination by the municipal attorneys, was the only evidence in respect to the need for medical care presented to the court. The physicians' testimony was uniform that the patients required the care and hospitalization received and that any delay in offering the care would not have been prudent.

The defendants' cross-examination failed to impair the reasonableness of the medical opinions of the attending physicians that immediate and indispensable care or hospitalization was required in respect to each patient.

██ The court made a specific finding in respect to each case, upholding as reasonable the physician's opinion that immediate medical and hospital attention was needed. The court found that this testimony was uncontroverted. It is clear that the findings in this respect were not contrary to the great weight and clear preponderance of the evidence.

It is apparent, therefore, that all of the criteria necessary to impose liability upon each municipality were satisfied. Each of the nine patients was dependent and eligible for relief. Prior authorization was not obtainable, and immediate and indispensable care and hospitalization were required. There was no showing that any hospitalization was furnished beyond that which was reasonably required by the circumstances. The hospital gave timely notice that hospitalization had been furnished, and discharged its burden of proof at trial, but the municipalities failed to assume the burden of going forward with contrary evidence which might have enabled them to escape liability for the hospital charges.

██ It is apparent that the public policy of the state, as determined by the legislature, does not require that a hospital indulge in an elaborate credit investigation prior to furnishing medical assistance when a physician reasonably concludes that immediate care and hospitalization are required. As this court stated in *Mercy Medical Center of Oshkosh, Inc. v. Winnebago County,* 58 Wis.2d 260, 266, 206 N.W.2d 198 (1973) :

"A hospital should not be put in the position of negotiating over payment for its services as a condition precedent to rendering emergency services. Our health-conscious society and the government's interest in extensive health care for young and old alike demands that emergency service by doctors and hospitals shall be promptly rendered to those in need without regard for

immediate payment or security therefor. The best traditions of the medical and hospital professions have recognized this."

The hospital here did all that was necessary in order to support its claims against the cities that the patients were dependent. This determination was never rebutted. In addition, the reasonable opinion of each of the admitting physicians that the need for care was immediate and indispensable was unassailed in the record before us. The claim of the hospital against each of the municipalities was proved at trial.

*By the Court.*—Judgment affirmed.