TRINITY MEMORIAL HOSPITAL OF CUDAHY, INC. Plaintiff-Appellant,

v.

COUNTY OF MILWAUKEE, Wisconsin, Defendant-Respondent.†

Court of Appeals

*No. 79–1269. Submitted on briefs May 29, 1980.— Decided July 28, 1980.*
(Also reported in 295 N.W.2d 814.)

† Petition for review denied.

For the appellant there was a brief by *Lorna J. Granger of Purtell, Purcell, Wilmot & Burroughs, S.C.,* Milwaukee.

For the respondent there was a brief by *Gerard S. Paradowski,* acting corporation counsel, and *Dean M. Horwitz,* assistant corporation counsel, Milwaukee.

Before Voss, P.J., Brown and Bode, JJ.

BODE, J. This action arises out of a dispute between a hospital and a county concerning the alleged "dependency" of a person treated by the hospital pursuant to Chapter 49, Stats.

Plaintiff Trinity Memorial Hospital of Cudahy, Inc., rendered emergency medical care and hospitalization to Christine DeGroot from May 14 to May 20, 1977. Ms. DeGroot was admitted to the emergency room by Dr. James Barton, who diagnosed her affliction as viral bracheal plexitis with possible meningitis. In order to obtain reimbursement under sec. 49.02(5), Stats., the plaintiff and Dr. Barton notified defendant Milwaukee County on May 17, 1977 that emergency care had been provided. The notice included a signed statement by Dr. Barton that "immediate care and hospitalization was required for [Ms. DeGroot] and any delay to obtain prior authorization for relief would have been detrimental to the health of the patient."

During the period of Christine DeGroot's hospitalization, her husband Dean completed an Application for Medical and/or Hospital Care as General Relief, indicating he and his wife had a total of $15 with which to pay

for her hospitalization. Christine was discharged from the hospital on May 20, 1977, having accumulated a bill of $1,015.35. The hospital filed a claim for this amount with the Milwaukee County Board on October 26, 1977. Following rejection of the claim, this action was commenced.

At trial, the hospital presented, and the trial court admitted, two pieces of documentary evidence. The first was the Application for Medical and/or Hospital Care as General Relief. Known as Form 212, this application was drafted by the County and disseminated to hospitals and health care providers for use in documenting a patient's financial and personal data prior to filing a claim under sec. 49.02(5), Stats.

The hospital also offered the testimony of Charles Worgull, credit manager for the hospital. Mr. Worgull testified that prior to the filing of Form 212, he interviewed Dean DeGroot regarding the DeGroots' ability to pay the hospital bill. On the basis of the interview, Worgull directed Dean DeGroot's responses to the financial questions on the form.

The second document admitted was the bankruptcy petition of Dean DeGroot, signed July 20, 1977 and filed on July 22, 1977. The petition indicates Dean DeGroot first consulted an attorney concerning the bankruptcy on May 12, 1977, two days before his wife's hospitalization.

At trial, the County offered no evidence of any kind. It called no witnesses and submitted no documents to rebut the hospital's case. Its apparent strategy in this case (as in numerous others) was to prevent admission of Form 212 as hearsay on grounds the declarant (Dean or Christine DeGroot) was not present to testify in person. Over the County's objection, the trial court admitted the form into evidence.

In response to the first two special verdict questions, the jury found that Christine was not a dependent person

nor a person eligible for relief. On motions after verdict, the trial court, despite stating its disagreement with the verdict, denied the hospital's motion to change these verdict answers.

At issue on this appeal is whether the trial court erred in refusing to change the jury's answers to the special verdict questions concerning Christine DeGroot's status as a dependent person or a person eligible for relief.

Section 49.02 (5), Stats., provides:

The municipality or county shall be liable for the hospitalization of and care rendered by a physician and surgeon to a person entitled to relief under this chapter, without previously authorizing the same, when, in the reasonable opinion of a physician, immediate and indispensable care or hospitalization is required, and prior authorization therefor cannot be obtained without delay likely to injure the patient. There shall be no liability for such care or hospitalization beyond what is reasonably required by the circumstances of the case, and liability shall not attach unless, within 7 days after furnishing the first care or hospitalization of the patient, written notices by the attending physician and by the hospital be mailed or delivered to the official or agency designated in accordance with this section, reciting the name and address of the patient, so far as known, and the nature of the illness or injury, and the probable duration of necessary treatment and hospitalization. Any municipality giving care or hospitalization as provided in this section to a person who has settlement in some other municipality may recover from such other municipality as provided in s. 49.11.

The reasonableness and necessity of the medical care provided is not disputed on this appeal. It is likewise conceded that written notice was mailed to the County within seven days of the initial treatment. Our sole concern is whether any credible evidence supports the jury's findings on dependency and eligibility.

A dependent person under sec. 49.01 (4), Stats., is "a person without the present available money or income

or property or credit, or other means by which the same can be presently obtained . . . ." Eligibility as defined by sec. 49.01(7), Stats., "refers primarily to residency in the state." *Clintonville Community Hospital v. City of Clintonville,* 87 Wis.2d 635, 639, 275 N.W.2d 655, 657 (1979).

The evidence presented by the hospital and the issues of dependency and eligibility were not refuted by any affirmative evidence at trial. The County, however, contends it presented "negative" evidence through cross-examination that undermined the testimony of the hospital's witnesses. Specifically, the County contends the following facts, elicited during cross-examination of Mr. Worgull, provided a basis for the jury's finding of no dependency or eligibility:

(1) Dean DeGroot filled out Form 212 instead of his wife, the patient.
(2) Mr. Worgull accepted DeGroot's representation of his financial condition without independent investigation for verification.
(3) Mr. Worgull customarily explains to patients that "there are programs available to assist people with hospital costs, . . . ."

The County contends the above facts enabled the jury to reach either of the following two conclusions: (1) the answers on Form 212 relating to the DeGroots' financial condition were not sufficiently verified by the hospital, and (2) Dean DeGroot had a motive to falsely represent his financial condition, i.e., to avoid liability for his wife's hospital expenses.

We reject the County's position. A hospital has no duty to undertake an independent credit investigation of an apparently dependent patient prior to rendering medical services. *Clintonville Community Hospital, supra,* at 645, 275 N.W.2d at 660; *Mercy Medical Center of*

*Oshkosh, Inc. v. Winnebago County,* 58 Wis.2d 260, 266, 206 N.W.2d 198, 200 (1973). To require such an investigation would impose an unconscionable burden upon the private hospital which renders emergency medical treatment. The exigency of emergency medical care does not allow a health care provider the opportunity to independently verify an applicant's assertion of his inability to pay. The only one with the opportunity and ability to so investigate is the County. The notice of treatment received within seven days affords the County a chance to investigate a patient's claim of dependency and eligibility. Here, however, the County has done nothing. We will not reject a patient's claim of dependency where the County has declined the opportunity to gather evidence refuting such claim. A general denial of a patient's sworn affidavit, without any contrary evidence, will not relieve the County's duty to pay under sec. 49.02(5), Stats.

We also reject the County's claim that the jury was entitled to deny dependency or eligibility because cross-examination testimony revealed a motive for lying on the part of Dean DeGroot. Having reviewed the transcript, we find the County's suggestion of motive to be pure conjecture without any basis in fact. The failure to present evidence contradicting the information on Form 212 leaves the jury with no basis for even inferring that Dean DeGroot falsely represented the financial condition of himself or his wife.

As the trier of fact, a jury is not even obliged to accept uncontradicted testimony if it is inherently improbable. *Kilgust Heating Division of Wolff, Kubly & Hirsig, Inc. v. Kemp,* 70 Wis.2d 544, 549, 235 N.W.2d 292, 295 (1975). However, "[p]ositive uncontradicted testimony as to the existence of some fact, or the happening of some event, cannot be disregarded by a court

or jury in the absence of something in the case which discredits the same or renders it against the reasonable probabilities . . . ." *Kilgust Heating, supra,* quoting *Thiel v. Damrau,* 268 Wis. 76, 85, 66 N.W.2d 747, 752 (1954). No evidence offered at trial rendered the evidence of the hospital inherently improbable. The testimony of its witnesses and its documentary evidence was certainly credible. The jury, therefore, was not free to disregard such positive, uncontradicted proof. In *Clintonville Community Hospital, supra,* at 643–44, 275 N.W. 2d at 659, the supreme court reviewed a similar factual situation, stating "the only evidence was that presented by the hospital, which showed that the nine patients were dependent. No contrary evidence was presented, and the trial court's finding that they were dependent *must be accepted as a verity* on this appeal." (Emphasis added.) We believe that, despite the jury's findings to the contrary, the hospital's credible, uncontradicted evidence must be accepted as a verity in this matter. The trial court erred in refusing to change the special verdict answers to find Christine DeGroot to be dependent and eligible for relief.

One additional matter remains. Although it prevailed at the trial level, the County claims the trial court erred in admitting Form 212 into evidence. Its contention is that the information on the application is inadmissible hearsay in the absence of the patient's testimony at trial.

This argument was recently rejected by this court in *St. Michael Hospital of Franciscan Sisters v. County of Milwaukee,* No. 79–1358, pp. 7–8 (Ct. App. June 9, 1980), where it was held:

We will not allow the county to avoid liability under sec. 49.02(5), Stats. by arguing that its own forms are insufficient to support a claim under the above statute without the accompanying testimony of the patient by

whom it was completed. To do so would encourage the county to ignore the seven-day-notice requirement and then prevail upon the disallowance of a claim because the patient is not available at trial a year or two later.

We also hold that Form 212 and the Social Summary were admissible evidence under sec. 908.03 (6), Stats. This section exempts admission of regularly conducted activities from the application of the hearsay rule. . . . The hospital regularly kept such records in the course of its daily operations, and records were produced at trial by their custodian. Thus Form 212 and the Social Summary were also admissible under this exception to the hearsay rule.

We believe it would be contrary to public policy and the intent of the legislature to deny a hospital the right to recover under sec. 49.02 (5), Stats., solely because the patient who received treatment is unavailable to testify at trial. We acknowledge and agree with the hospital's assertion that destitute individuals and families (entitled to aid under this section) are often a highly mobile group. To require their presence at trial would often pose an insurmountable burden upon hospitals seeking recovery.

The position taken by the County in this and a number of similar actions is viewed with disfavor by the members of this court. From the evidence adduced at trial, it appears the following strategy has been adopted by the County.

Upon receipt of the required notice within seven days of initial treatment, the County does nothing. No investigation is undertaken. No formal or informal inquiry is attempted to verify or challenge the hospital's determination of dependency, eligibility or necessity of the treatment rendered. Following discharge of the patient, a total bill for the treatment rendered is forwarded by the hospital. Again, no inquiry or investigation is attempted. Ultimately, the claim is rejected by the County Board, forcing the hospital to initiate legal proceedings.

In answer to the complaint, the County denies the person treated is either dependent or eligible.

One or two years later, the case comes to trial. The County offers no evidence and does not specifically refute any of the information offered by the hospital. Instead, the County seeks to avoid liability by alleging the application, Form 212, is inadmissible hearsay.

As previously noted, Form 212 is the creation of the County and is only used by the hospital in accordance with the directives of the statutes and the County. The party most able to challenge the information therein is the County. It has notice, opportunity and the physical resources necessary to conduct such an investigation. Instead, it chooses to rely on a technical defense of its own making. Such an approach leads to the conclusion that the County never had grounds for disputing the patient's dependency nor any good faith defense to the hospital's claim for expenses. This strategy creates and prolongs needless litigation and comes perilously close to a misuse of our court system.

The order of the trial court denying the hospital's motion to change the answers to questions one and two of the special verdict is reversed. On remand, the trial court is instructed to change those answers to "yes" and enter judgment in favor of the hospital.

*By the Court.*—Order reversed and remanded with directions.