MADISON GENERAL HOSPITAL, Plaintiff-Respondent,

v.

MILWAUKEE COUNTY, Defendant-Appellant,

CITY OF MADISON, Defendant.

Court of Appeals

*No. 83–604. Submitted on briefs April 16, 1984.—*
*Decided June 7, 1984.*
(Also reported in 353 N.W.2d 824.)

For the defendant-appellant the cause was submitted on the brief of *A. Frank Putz,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *John Walsh, Steven J. Schooler* and *Brynelson, Herrick, Gehl & Bucaida,* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J. Milwaukee County (county) appeals from a summary judgment awarding Madison General Hospital (hospital) payment for the cost of emergency medical care provided in the City of Madison (city) to two Milwaukee County residents. The sole issue on appeal is whether sec. 49.11, Stats., which governs the recovery between units of government of public assistance provided to "dependent" persons under ch. 49, bars this action. Because we hold that the statute does not apply to an action between a health care provider and the county or municipality arguably liable for the cost of such care, we affirm.

The hospital commenced this action against the county and the city[1] pursuant to sec. 49.02, Stats., (1981–82).[2] That section provided in material part:

(1) Every municipality shall furnish relief only to all eligible dependent persons therein and shall establish or designate an official or agency to administer the same.
. . . .

(5) *The municipality or county shall be liable for the hospitalization* of and care rendered by a physician and surgeon to a person entitled to relief under this chapter, without previously authorizing the same, when, in the reasonable opinion of a physician, immediate and in-

---

[1] The city has not appealed from the summary judgment.

[2] Section 49.02, Stats. (1981–82), was amended by 1983 Wis. Act 27 in ways not material to this appeal.

dispensable care or hospitalization is required, and prior authorization therefore cannot be obtained without delay likely to injure the patient. There shall be no liability for such care or hospitalization beyond what is reasonably required by the circumstances of the case, and liability shall not attach unless, within 7 days after furnishing the first care or hospitalization of the patient, written notices by the attending physician and by the hospital be mailed or delivered to the official or agency designated in accordance with this section, reciting the name and address of the patient, so far as known, and the nature of the illness or injury, and the probable duration of necessary treatment and hospitalization. *Any municipality giving care or hospitalization as provided in this section to a person who has settlement in some other municipality may recover from such other municipality as provided in s. 49.11.* (Emphasis supplied.)

It is undisputed that the patients were eligible dependent persons under ch. 49, Stats., that immediate and indispensable hospital care in the city was necessary, that both patients were residents of Milwaukee County, and that the hospital provided the notice specified in sec. 49.02(5) (1981–82) both to the city and to the county within seven days after each patient was hospitalized.

The county filed a motion to dismiss the hospital's complaint on grounds that it failed to state a claim upon which relief can be granted. Subsequently it filed an answer to the hospital's amended complaint alleging as an affirmative defense that the hospital's remedy was exclusively against the city and that the county's liability, if any, must be determined by the procedures set forth under sec. 49.11, Stats.[3] The trial court denied the motion to dismiss, holding that the complaint stated a cause of

---

[3] Section 49.11, Stats., provides that "[t]he county or municipality in which the relief recipient has settlement shall be chargeable with relief furnished," sec. 49.11(2), except under certain circumstances, and establishes notice and claim procedures between various units of government which may be involved in providing relief available under ch. 49.

action against the county.[4] It did not directly address the applicability of sec. 49.11.

The county then moved for summary judgment on grounds that the hospital had failed to follow the procedures set forth in sec. 49.11, Stats. The trial court denied the motion on grounds that sec. 49.11 had no application to a suit by a hospital under sec. 49.02(5). It subsequently granted summary judgment for the hospital, from which this appeal was taken.

The sole contention which the county has briefed on appeal is that the trial court lacked subject matter jurisdiction over the action because the hospital "failed to exhaust its administrative remedies" under sec. 49.11, Stats. We reject the contention.

Section 49.11, Stats., sets forth an elaborate administrative scheme for adjusting disputes and determining the ultimate liability for the cost of public assistance between the counties and municipalities providing various forms of relief under ch. 49, and the counties and municipalities in which the relief recipient has legal settlement. The Department of Health and Social Services has exclusive original jurisdiction to determine ultimate liability as between such units of government, subject to judicial review under ch. 227, Stats. Sec. 49.11 (7) (a)–(c).

---

[4] The trial court's memorandum decision focused on whether sec. 49.02, Stats., as applied by the supreme court in *Clintonville Community Hosp. v. Clintonville*, 87 Wis. 2d 635, 275 N.W.2d 655 (1979), created a direct action by a health care provider against the county of residence of a dependent person. Despite the fact that the issue had not been addressed by the supreme court in *Clintonville*, the trial court held that its failure to dismiss the appeal for want of jurisdiction raised the implicit inference that it believed such an action was authorized by the statute. Because this issue is not properly before us, we do not address it further.

On its face, sec. 49.11, Stats., is restricted to disputes between governmental units. It has no application on its face, or by implication, to disputes between the provider of a service compensable by a governmental unit under ch. 49, and one or more units of government whose ultimate liability for the cost of covered services is to be determined by the department.

There is no cross-claim between the two defendants. If any dispute between the city and the county exists as to the immediate or ultimate liability for the emergency care provided by the hospital, it has no place in this action.

The hospital has no duty under sec. 49.11, Stats. The statute provides no remedies to it. Having no administrative remedies to exhaust under sec. 49.11, the hospital is not barred by that statute from pursuing its claim against the county.

The hospital contends that sec. 49.02(5), Stats., creates a direct right of action against either or both the county or municipality wherein the service was provided, and the county or municipality of the dependent's settlement. The county does not directly contest this contention. In response to this court's request that it address the issue, the county filed a brief reasserting its position that the requirements of sec. 49.11 must be satisfied before any such suit will lie.

We decline to address an issue of this importance when it has not been adequately briefed or argued by the only party with standing to raise it.[5] *See Public S.E. Union v. Wisconsin E.R. Board,* 246 Wis. 190, 198–99, 16 N.W. 2d 823, 827 (1944) (questions not argued, even if of con-

[5] A party to an appeal must be aggrieved by the judgment or order attacked on appeal. *Mutual Service Cas. Ins. Co. v. Koenigs,* 110 Wis. 2d 522, 526, 329 N.W.2d 157, 159 (1983).

siderable importance, will not be considered or decided) ; *Yotvat v. Roth*, 95 Wis. 2d 357, 372, 290 N.W.2d 524, 532 (Ct. App 1980) (difficult question which could result in overturning legislation on constitutional grounds should not be answered without complete briefing.)

*By the Court.*—Judgment affirmed.