TRINITY MEMORIAL HOSPITAL OF CUDAHY, INC., a Wisconsin not-for-profit corporation; St. Michael Hospital of Franciscan Sisters, Milwaukee, a Wisconsin not-for-profit corporation; Mt. Sinai Medical Center, Inc., a Wisconsin not-for-profit corporation; St. Luke's Hospital Association, Inc., a Wisconsin not-for-profit corporation; St. Joseph's Hospital of Franciscan Sisters of Milwaukee, a Wisconsin not-for-profit corporation; Columbia Hospital, a Wisconsin not-for-profit corporation; St. Mary's Hospital of Milwaukee, a Wisconsin not-for-profit corporation; St. Francis Hospital, Inc., a Wisconsin not-for-profit corporation; Good Samaritan Medical Center, Inc., a Wisconsin not-for-profit corporation; St. Anthony Hospital of the Archdiocese of Milwaukee, Inc., a Wisconsin not-for-profit corporation; and Hospital Council of the Greater Milwaukee Area, Inc., a Wisconsin not-for-profit corporation; on their own behalf and as representatives of all other hospitals which provide emergency services to dependent persons under s. 49.02, Wis. Stats., in Milwaukee County and all hospitals within Wisconsin which provide emergency services to dependent Milwaukee County residents for which the hospitals seek reimbursement from Milwaukee County; and Ruth Cody and Shirley Kriegel; on their own behalf and as representatives of all other Milwaukee County

residents who qualify for the provision of emergency services pursuant to Chap. 49, Wis. Stats., but who are not eligible for the provision of emergency services pursuant to s. 32.90, General Ordinances of Milwaukee County, Plaintiffs-Respondents,

v.

MILWAUKEE COUNTY, a Wisconsin municipal corporation; Milwaukee County Department of Social Services; and Kenneth Ramminger, Individually and as the Acting Director of the Milwaukee County Department of Social Services, Defendants-Appellants.

Court of Appeals

*No. 82–1562. Submitted on briefs March 11, 1983.—*
*Decided April 13, 1983.*
(Also reported in 334 N.W.2d 685.)

For the defendants-appellants the cause was submitted on the briefs of *George E. Rice,* acting corporation counsel, and *James T. McClutchy,* principal assistant corporation counsel.

For the plaintiffs-respondents the cause was submitted on the brief of *Purtell, Purcell, Wilmot & Burroughs, S.C.,* by *Lorna J. Granger,* of Milwaukee.

Before Moser, P.J., Decker and Wedemeyer, JJ.

DECKER, J. Milwaukee County, its Department of Social Services and Kenneth Ramminger (appellants) appeal from a summary judgment in favor of Trinity Memorial Hospital of Cudahy (Trinity) which held Milwaukee County General Ordinance sec. 32.90 to be null and void. We agree with the trial court that the ordinance is invalid as a legislative act beyond the scope of the county's power because it abrogates a state statutory scheme and affirm.

Trinity brought suit challenging the validity of ordinance sec. 32.90. The trial court granted Trinity's motion for summary judgment, determining that ordinance sec. 32.90 conflicted with sec. 49.02(5), Stats. No facts have been presented to this court on appeal.

Section 49.02(5), Stats., provides as follows:

(5) The municipality or county shall be liable for the hospitalization of and care rendered by a physician and surgeon to a person entitled to relief under this chapter, without previously authorizing the same, when, in the reasonable opinion of a physician, immediate and indispensable care or hospitalization is required, and prior authorization therefor cannot be obtained without delay likely to injure the patient. There shall be no liability for such care or hospitalization beyond what is reasonably required by the circumstances of the case, and liability shall not attach unless, within 7 days after furnishing the first care or hospitalization of the patient, written notices by the attending physician and by the hospital be mailed or delivered to the official or agency designated in accordance with this section, reciting the name and address of the patient, so far as known, and the nature of the illness or injury, and the probable duration of necessary treatment and hospitalization. Any municipality giving care or hospitalization as provided in this section to a person who has settlement in some other municipality may recover from such other municipality as provided in s. 49.11.

We agree with the trial court that the statute sets forth four requirements that must be met before a county or municipality becomes liable for medical care rendered to the indigent:

(1) The recipient must be a "dependent person" within the meaning of sec. 49.01(4), Stats;[1]

(2) The recipient must be "eligible" for relief under ch. 49, Stats., within the meaning of sec. 49.01(7), Stats;[2]

(3) The physician must reasonably believe that immediate and indispensable care is required and authorization cannot be obtained without delay likely to injure the patient; and

(4) The county or municipality must be given written notice from the attending physician and the hospital itself within seven days of the first care provided. Such notices must contain the name and address of the patient, the nature of the illness or injury and the probable duration of the treatment.

---

[1] Section 49.01(4), Stats. (1979), reads as follows:

(4) "Dependent person" or "dependent" means a person without the present available money or income or property or credit, or other means by which the same can be presently obtained, sufficient to provide the necessary commodities and services specified in sub. (1). Credit received under s. 71.09(7) is not income or resources for purposes of determining dependency or the amount of relief provided.

[2] Section 49.01(7), Stats., reads, in pertinent part:

(7) "Eligible" or "eligibility" means a dependent person who has continuously resided for one whole year in this state immediately prior to an application for relief except that temporary assistance including medical care may be granted during the initial year to meet an emergency situation pending the negotiations for the return of the applicant and family to the former place of residence or legal settlement outside this state or to meet a medical emergency developing during the initial one year period of residence. Such temporary assistance shall not extend beyond 30 days unless a medical emergency requires further extension.

Milwaukee Ordinance sec. 32.90[3] placed additional restrictions upon emergency care for the indigent by, in effect, requiring that such care be rendered primarily at the Milwaukee County Medical Complex.

[3] The pertinent sections of Milwaukee County General Ordinance sec. 32.90 read as follows:

(1) Eligibility for medical assistance shall be limited to those individuals meeting the requirements for General Assistance eligibility, which is a maximum income of $175 per month, including any earnings; or assets or benefits in kind equal to $175.

(4) Eligible individuals may be able to obtain specified emergency services at hospitals other than the Medical Complex, in accordance with the following definition of "Emergency Care":

Emergency care is medically necessary care rendered by health care provider under unforeseen circumstances for treatment of an emergency (an accidental injury or a medical injury). Accidental injury means a traumatic bodily injury which, if not immediately diagnosed and treated, could reasonably be expected to result in serious physical impairment or loss of life. Medical emergency means a serious life-threatening or disabling condition, manifested by severe symptoms occurring suddenly and reasonably expected to result in serious physical impairment or loss of life if not treated immediately.

(5) Payment for emergency care will be made by Milwaukee County only when such care is rendered or approved by authorized medical personnel at the Medical Complex, unless time or other circumstances make it impossible. The Medical Complex shall have on duty at all times medical personnel authorized to approve the care or arrange for transfer of the patient to the Medical Complex.

(6) The procedure to assure County payment for emergency medical care is as follows:

(a) Medical complex authorized personnel shall be called prior to the provision of such care to authorize the care or arrange for the transfer of the patient to the Medical Complex.

(b) If it is not possible to call prior to providing such emergency care, the Medical Complex must be notified within 24 hours of the treatment or hospitalization. If an individual whose medical expenses are to be charged to the Milwaukee County Medical Assistance Program is hospitalized for emergency care at an institution other than the Medical Complex, the Complex may require that the patient be transferred to the complex as soon as medically feasible, as determined by the attending physician.

The appellants first contend that the county has the authority to enact an ordinance "implementing the administration" of sec. 49.02(5), Stats. We do not agree that the ordinance "implements" the statutory scheme; rather, it is inconsistent with the statute.

Prior attempts by counties to restrictively augment the plain language of secs. 49.01 and 49.02, Stats., have met with little success. In *Mercy Medical Center of Oshkosh, Inc. v. Winnebago County,* 58 Wis. 2d 260, 266, 206 N.W. 2d 198, 200 (1973), our supreme court rejected the county's argument that a person must apply for general relief before he or she can be found to be "eligible" for emergency medical care. This court has held that dependency is not to be conditioned upon the availability to the person of the Hill-Burton Act,[4] or Title XIX of the Social Security Act,[5] and has commented with respect to litigious efforts of the county to avoid liability for emergency medical care.[6]

Appellants argue that sec. 59.07(5), Stats., the general authority provision of the county board powers statute, provides Milwaukee county with the statutory authority to adopt ordinance sec. 32.90. We disagree.

Section 59.07(5), Stats., reads as follows:

The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:

. . . .

(5) General Authority. Represent the county, have the management of the business and concerns of the county *in all cases where no other provision is made,* apportion and levy taxes and appropriate money to carry into effect any of its powers and duties. [Emphasis added.]

---

[4] *St. Michael Hospital of Franciscan Sisters v. County of Milwaukee,* 98 Wis. 2d 1, 4, 295 N.W.2d 189, 192 (Ct. App. 1980).

[5] *Id.* at 5, 295 N.W.2d at 192.

[6] *Trinity Memorial Hospital of Cudahy, Inc. v. County of Milwaukee,* 98 Wis. 2d 220, 228, 295 N.W.2d 814, 818 (Ct. App. 1980).

In *State ex rel. Tiner v. Milwaukee County,* 81 Wis. 2d 277, 284, 260 N.W.2d 393, 396 (1977), our supreme court stated that "[t]his court has consistently pointed out that eligibility for relief is entirely governed by statute and has declared invalid attempts at establishment of preconditions to receipt of such help that are not provided for by the legislature." The ordinance in question here is inconsistent with the statutory provisions for eligibility.[7] The ordinance, in restricting eligibility only to those qualified for general assistance, and in attempting to make the Medical Complex the primary care site, establishes preconditions for eligibility not provided for by the legislature. Therefore, because the ordinance is inconsistent with the statute, it is invalid.[8]

We reject Trinity's claim for costs under the frivolous appeals statute, sec. 809.25(3)(c)2, Stats., because we cannot hold, as a matter of law, that the appellants' position was without a "reasonable basis in law or equity."

*By the Court.*—Judgment affirmed.

---

[7] While the standards for eligibility for relief generally are set forth in sec. 49.01(7), Stats., that subsection and subsec. (1) both address medical help, which is the subject of sec. 49.02(5), Stats., the statute in question.

[8] Because we determine the ordinance to be invalid as an intrusion upon a statutory scheme, we need not address Trinity's further argument that the ordinance is violative of due process. The courts of this state will not decide a question of constitutional law if it is unnecessary to do so. *State ex rel. State Public Defender v. Percy,* 97 Wis. 2d 627, 632, 294 N.W.2d 528, 531 (Ct. App. 1980).