CITY NEWS & NOVELTY, INC., Plaintiff-Appellant,†

v.

CITY OF WAUKESHA, Defendant-Respondent.

Court of Appeals

*No. 91–2885. Submitted on briefs April 29, 1992.—Decided
June 24, 1992.*

(Also reported in 487 N.W.2d 316.)

† Petition to review denied.

15

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeff Scott Olson,* of *Julian, Olson & Lasker, S.C.* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Curt R. Meitz,* city attorney of Waukesha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

NETTESHEIM, P.J.   City News and Novelty, Inc. appeals from a summary judgment order upholding the

constitutionality of a city of Waukesha ordinance regulating adult-oriented establishments. City News challenges the provisions of the ordinance requiring the viewing booths, rooms or cubicles of adult-oriented establishments to be accessible and viewable from the public portions of the establishment. City News contends that this provision of the Waukesha ordinance is preempted by the federal Videotape Privacy Protection Act, 18 U.S.C. sec. 2710 (1988), and that, regardless, the ordinance violates the First Amendment to the United States Constitution.

We conclude that the federal act does not preempt the ordinance and that the ordinance is constitutional. We affirm the circuit court's order dismissing City News' complaint.

The historical facts are not disputed. We take them from the summary judgment evidence and memorandum. Since November 1989, City News has operated an adult-oriented establishment at 745 North Main Street in the city of Waukesha. At this site, City News sells, rents and otherwise makes available to its customers sexually explicit books, magazines, videotapes and other materials. City News also provides viewing booths in which its customers may view videotapes. Although the materials which City News makes available to its customers are sexually explicit, Waukesha makes no claim that the materials are obscene.

On December 5, 1989, the Waukesha common council passed Ordinance No. 55–89 which created Section 8.195 of the City of Waukesha Municipal Code. *See* WAUKESHA, WIS., MUN. CODE sec. 8.195 (1988). This ordinance provides for the licensing and regulation of adult-oriented establishments located in the city. The particular provisions at issue in this case are as follows:

18

(9)   Physical Layout of Adult-Oriented Establishment. Any adult-oriented establishment having available for customers, patrons or members, any booth, room or cubicle for the private viewing of any adult entertainment must comply with the following requirements: '

(a)   Access. Each booth, room or cubicle shall be totally accessible to and from aisles and public areas of the adult-oriented establishment and shall be unobstructed by any door, lock or other control-type devices.

(b)   . . ..

. . ..

2.   Have at least one side totally open to a public lighted aisle so that there is an unobstructed view at all times of anyone occupying the same.

*Id.* sec. 8.195(9)(a) and (b).

In its introductory portions, the ordinance recites: (1) that it is enacted to protect and promote the welfare, health and safety of the citizenry; (2) that the viewing booths of adult-oriented establishments are sometimes used by customers to engage in solo and mutual sexual activity; and (3) that the ordinance is aimed at curbing this activity in an effort to minimize the transmission of sexual diseases, including Acquired Immune Deficiency Syndrome (AIDS). *See id.* sec. 8.195.

City News commenced this declaratory action, contending, *inter alia,* that the ordinance is unconstitutional under the First Amendment to the United States Constitution. Belatedly, City News also claimed that the federal Videotape Privacy Protection Act preempted the ordinance. At summary judgment, the trial court determined that the ordinance was constitutional and dismissed City News' complaint. The court's decision did not discuss the preemption issue. City News appeals.

19

## Preemption and the Videotape Privacy Protection Act,

## 18 U.S.C. Sec. 2710

City News argues that the Videotape Privacy Protection Act, 18 U.S.C. sec. 2710 (1988), preempts the Waukesha ordinance and renders it unenforceable. In support, City News points to section 2710(b) of the federal act which authorizes a civil action by a consumer against a videotape service provider who knowingly discloses "personally identifiable information" concerning the consumer.[1]

Waukesha argues that City News has waived the right to raise this issue on appeal because City News did not raise this argument in its pleadings or in its initial memorandum in support of its motion for summary judgment. City News did, however, raise the issue in a later letter/memorandum to the court. Waukesha responded, arguing waiver, but also addressing the preemption issue on its merits. The trial court's decision did not discuss the preemption issue.

Because City News first raised the issue after the parties filed their trial court briefs, we agree with Waukesha that City News waived the preemption argument. Generally, issues not raised or considered in the trial court will not be considered for the first time on appeal. *Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980). However, this rule is not absolute and exceptions are made. *Id.* This is especially so where the issue is one

---

[1]The act defines "personally identifiable information" as including "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. sec. 2710(a)(3) (1988).

of law, the facts are not disputed, the issue has been thoroughly briefed by both sides and the question is one of sufficient interest to merit a decision. *Id.* at 443–44, 287 N.W.2d at 145–46. All of these considerations are satisfied here. In addition, the issue comes to us in summary judgment form. We review such rulings *de novo* and are not required to give any deference to any ruling the trial court would have made on the question. *See Bantz v. Montgomery Estates, Inc.,* 163 Wis. 2d 973, 977–78, 473 N.W.2d 506, 508 (Ct. App. 1991). In light of all these factors, we choose in our discretion to address the preemption issue on its merits.

The focus of a preemption inquiry is whether "Congress has explicitly mandated the pre-emption of state law or has adequately indicated an intent to occupy the field of regulation, thereby displacing all state laws on the same subject." *Brown v. Hotel and Restaurant Employees and Bartenders Int'l Union Local 54,* 468 U.S. 491, 500–01 (1984) (citations omitted). We cannot say that the language of 18 U.S.C. sec. 2710 reflects such an unequivocal expression by Congress. The federal law regulates the wrongful disclosure of videotape rental or sale records and expressly states that "[t]he provisions of this section preempt only the provisions of State or local law that *require* disclosure prohibited by this section." 18 U.S.C. sec. 2710(f) (emphasis added). The Waukesha ordinance regulates the physical layout of adult-oriented establishments. It does not *require* or *regulate* the disclosure of customer viewing records which is the subject of the federal law. On its face, we conclude that the federal law does not preempt the field.

However, even if the Congressional intent to preempt is not expressly stated, intent to preempt may be

inferred where the federal law conflicts with the state law. *Brown,* 468 U.S. at 501. Such actual conflict exists when compliance with both federal and state regulations is a physical impossibility or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Id.*

Here, allowing that the ordinance's structural requirements permit a customer's viewing selections to be observed by others on the premises, such incidental disclosure is *not* the purpose of the ordinance. Rather, the ordinance is a health and safety enactment aimed at curtailing sexual activity which sometimes is conducted within the confines of enclosed viewing booths. Such enactments have been constitutionally upheld by the courts. *See Bamon Corp. v. City of Dayton,* 923 F.2d 470 (6th Cir. 1991); *Doe v. City of Minneapolis,* 898 F.2d 612 (8th Cir. 1990). The federal law, on the other hand, prohibits the disclosure of videotape rental or sale records.

In short, the federal statute and the Waukesha ordinance legislate in different areas and serve different ends. The two enactments do not conflict and neither frustrates or obstructs the objective of the other. Thus, they stand comfortably side by side. City News can comply with both without offending either. *See Brown,* 468 U.S. at 500–01. We reject City News' preemption argument.

## Constitutionality

We turn now to City News' first amendment arguments.[2] City News argues that it has a first amendment

---

[2]City News is entitled to raise first amendment claims because Waukesha does not contend that the sexually explicit

right to protect its customers' privacy interests. City News contends that the ordinance's "no doors" provision offends this right and requires City News to display the viewing choices of its customers. In making this argument, City News attempts to claim a first amendment right independent of any privacy interests of its customers.

However, City News' very framing of the issue belies its argument, for City News' claimed first amendment right is, of necessity, constructed on its customers' presumed privacy interests. If City News' goal is to protect the privacy interests of its customers, then we must necessarily first answer whether the customers have the right, in a public accommodation setting, to private and anonymous viewing of sexually explicit materials. We hold that they do not possess such a right.

The United States Supreme Court has held that the privacy rights guaranteed by the Fourteenth Amendment include only personal rights that can be deemed fundamental or implicit in the concept of ordered liberty. *Palko v. Connecticut,* 302 U.S. 319, 325 (1937); *see also Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 65 (1973). This privacy right encompasses and protects the personal intimacies of the home, the family, marriage, motherhood, procreation and child rearing. *Paris Adult Theatre,* 413 U.S. at 65. Applying this test, the Eighth Circuit has held that a customer does not enjoy a privacy/anonymity right to watch nonobscene sexually explicit entertainment in a public, commercial establishment. *Doe,* 898 F.2d at 615 n.11. We agree.

---

materials which City News makes available to its customers are obscene.

In *Paris Adult Theatre,* the Supreme Court stated that the idea of a privacy right and a place of public accommodation are "mutually exclusive." *Paris Adult Theatre,* 413 U.S. at 66–67. We recognize that *Paris Adult Theatre* concerned obscene material. However, in *Doe,* where the issue concerned nonobscene sexually explicit material, the Eighth Circuit cited to the Supreme Court's "mutually exclusive" language from *Paris Theatre* in rejecting the customer's claimed right to view public entertainment in a private/anonymous setting. *Doe,* 898 F.2d 615 n.11. We reject City News' contention that it has a first amendment right to protect the privacy interests of its customers.

Next, City News contends that the ordinance burdens substantially more speech than is necessary to achieve the goals of the ordinance.[3] The parties agree that the ordinance imposes time, place and manner restrictions on first amendment protections. As such, the ordinance must satisfy four requirements: (1) the restriction must be content neutral; (2) the restriction must serve a legitimate governmental objective; (3) the restriction must leave open ample alternative channels of communication; and (4) the restriction must be narrowly tailored to serve the governmental objective. *Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989).

For purposes of the summary judgment motion and this ensuing appeal, City News does not challenge the

---

[3]City News' brief seems to rest this argument upon the premise we have just rejected—that it has a first amendment right to protect the privacy interests of its customers. Thus, we are tempted not to address this further argument. However, giving a liberal reading to City News' brief, we consider this argument as separate and apart from the issue we have just rejected.

first three prongs of this legal test. City News does contend, however, that the ordinance is not narrowly tailored to serve the governmental objective. In support, City News cites to the affidavit of its manager, Mark Philips, who opined that other less intrusive measures could monitor the conduct of customers behind closed doors (or partial doors) and accomplish the goal of the ordinance.[4]

City News seems to assume that because Philips' affidavit proposes other less-restrictive alternatives, the ordinance is constitutionally doomed. Such is not the law. The United States Supreme Court has held that the narrowly tailored requirement does not necessarily mean a "less" or "least-restrictive alternative" analysis:

> [T]he requirement of narrow tailoring is satisfied "so long as the regulation promotes a substantial government interest that would be achieved less effectively absent the regulation." . . . [T]he regulation will not be invalid simply because a court concludes that the government's interest could be adequately served by some less-speech-restrictive alternative.

*Id.* at 799–800 (citations omitted).

Just as the courts are not permitted to substitute their judgment as to those less restrictive means which might serve the goals of the ordinance, neither is City News. The regulations in the Waukesha ordinance clearly serve the goal of attempting to control the spread of communicable sexual diseases, including AIDS. We

---

[4]These include closed circuit monitoring of the patrons or periodic inspections of the booths by City News personnel.

conclude that the ordinance is sufficiently tailored to comport with the first amendment.

*By the Court.*—Order affirmed.