SUPERB VIDEO, Plaintiff-Appellant,†

v.

COUNTY OF KENOSHA, Defendant-Respondent.

Court of Appeals

*No. 94–1299. Oral argument May 22, 1995.—Decided July 5, 1995.*

(Also reported in 537 N.W.2d 25.)

†Petition to review denied.

On behalf of the plaintiff-appellant, there were briefs and oral argument by *Jeff Scott Olson* of Madison.

On behalf of the defendant-respondent, there was a brief and oral argument by *Anthony Milisauskas* of Kenosha.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. In this declaratory action, Superb Video challenges a Kenosha County Board of Health regulation governing coin-operated booths in adult-oriented establishments. The issue on appeal is whether the board had the authority to adopt the regulation. The trial court ruled that the regulation was

within the board's authority and duty to preserve the public health and that the regulation was not a nuisance enactment in conflict with § 146.14, STATS., 1991-92. We uphold the trial court's rulings.

## BACKGROUND

Superb Video operates the Shoppe of Temptations, a retail business in Kenosha County which offers sexually explicit books, magazines, videotapes and other materials to its customers. The business also provides individual booths in which its customers are able to view movies.

The Kenosha County Board of Health was created by the Kenosha County Board of Supervisors. On September 24, 1992, the board issued Regulation HD-1.01-1, addressing communicable diseases. The regulation is entitled "Coin-Operated Booths in Adult-Oriented Establishments." Among other requirements, the regulation dictates certain construction criteria of individual booths used for viewing movies, videotapes or live entertainment. The introductory paragraph of the regulation states the purpose of the enactment, in part, as follows:

> It is the lawful purpose of the Kenosha County Board of Health to enact rules and regulations as are necessary for the preservation of health and to prevent the spread of AIDS and other communicable or sexually transmitted diseases in Kenosha County. . . . This regulation establishes standards for booth construction and maintenance in order to prevent the spread of AIDS and other communicable or sexually transmitted diseases.

The regulation requires that individual booths must be constructed so that one side is totally unob-

719

structed and accessible to aisles and public areas. The regulation also limits the number of occupants in a booth to one at a time, recites the minimum lighting level in each booth and requires that the walls of each booth be solid and without any openings to adjoining booths. The regulation requires the operator to "maintain the premises in a clean and sanitary manner at all times," and further specifies that the floor in each booth must be light colored, nonabsorbent and easily cleanable. The enforcement provision makes it unlawful to operate an adult-oriented establishment in violation of the regulation or order of the health department. Violations are punishable by a forfeiture and may be enjoined.

Superb Video commenced this declaratory action, contending that the regulation was invalid because it sought to regulate in matters of statewide health concern and that it conflicted with § 146.14, STATS., 1991-92, pertaining to nuisances which are sources of filth or sickness.

The trial court concluded that the enactment of the regulation was a valid exercise of the County's authority to regulate in the area of public health pursuant to §§ 140.09(2), 141.015(6) and 141.02(2), STATS., 1991-92. The court also held that the regulation was not a nuisance enactment. Superb Video appeals.

DISCUSSION

Superb Video argues that the regulation is invalid because: (1) the County lacks statutory authority to regulate in the area of communicable diseases because the legislature has delegated that authority to the Department of Health and Social Services (DHSS); and (2) the regulation conflicts with state nuisance health law pursuant to § 146.14, STATS., 1991-92.

We first address Superb Video's argument that the County lacked authority to regulate in the area of communicable diseases. It contends that the legislature has delegated the authority to control communicable diseases to DHSS in ch. 143, STATS., 1991-92, and that because the prevention of communicable diseases is of statewide concern, counties have no authority to regulate in the area.

"[A county] has only such powers as are expressly conferred upon it or necessarily implied from . . . the grant of power." *State ex rel. Teunas v. County of Kenosha,* 142 Wis. 2d 498, 504, 418 N.W.2d 833, 835 (1988) (quoted source omitted). As a creature of the legislature, a county must exercise its powers within the scope of authority ceded to it by the state. *Id.* at 504, 418 N.W.2d at 835-36. Our task is to determine if the applicable statutes empowered the board to enact the regulation at issue. A matter of statutory interpretation presents a question of law. *Id.* at 504, 418 N.W.2d at 836. We decide such questions independently and without deference to the trial court, though we value the opinion of the trial court on such a question. *Scheunemann v. City of West Bend,* 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993).

While some subjects of legislative action are exclusively of statewide concern and others may be classified as entirely of local character, many subjects do not fit exclusively into one or the other of the categories. *See Thompson v. Kenosha County,* 64 Wis. 2d 673, 683, 221 N.W.2d 845, 851 (1974). We conclude that such is the case in the area of public health and communicable diseases.

While the functions of a county board of health are established by statute, the board has few well-defined responsibilities. *See Pawlisch v. Barry,* 126 Wis. 2d 162, 166, 376 N.W.2d 368, 371 (Ct. App. 1985). Such a board operates within broad policymaking guidelines, and its only restriction is to remain within state law and DHSS regulations. *See id.* Included in the board's powers are:

> all the powers and authority now vested in local boards of health and local health officers and [it] shall have authority to enforce such rules and regulations as may be adopted by the department under the laws of the state. It may adopt such rules for its own guidance and for the government of the health department as may be deemed necessary to protect and improve public health, not inconsistent with state law nor with rules and regulations of the department.

Section 140.09(6), STATS., 1991-92. Since this statute defines the board's powers in terms of the "powers and authority . . . vested in local boards of health and local health officers," we appropriately look to the powers vested in such entities.

Chapter 141, STATS., 1991-92, deals with local boards of health and health officials. Section 141.015(6), STATS., 1991-92, provides that local health boards "shall take such measures as shall be most effectual for the preservation of the public health." In addition, § 141.02(2), STATS., 1991-92, provides that local health officers "shall provide such additional rules and regulations as are necessary for the preservation of health, to prevent the spread of communicable

diseases, and to cause the removal of all objects detrimental to health and to enforce the health laws."

We conclude that these provisions clearly indicate that the legislature intended local health boards to have the authority to regulate in matters relating to the preservation of public health and the prevention of communicable diseases.[1]

Superb Video argues, however, that the regulation runs afoul of DHSS' authority as set out in WIS. ADM. CODE ch. HSS 145. This chapter of the administrative code and ch. 143 of the Wisconsin Statutes under which it is promulgated are addressed to the surveillance, reporting and control of communicable diseases. As such, these laws are targeted at: (1) the identification and reporting of persons who carry, or are suspected of carrying, communicable diseases; and (2) the isolation, quarantine or commitment of such persons in order to prevent the outbreak or further spread of communicable diseases. Thus, these laws seek to control and limit the spread of communicable diseases once discovered.

However, the thrust of the regulation before us is *to prevent or discourage the opportunity for conduct which might spread a communicable disease in the first instance.* This is a subtle, but important, distinction. And, it is the very kind of regulatory action which §§ 141.015(6) and 141.02(2), STATS., 1991-92, envision and allow. Thus, we hold that the regulation does not

---

[1] While the division of power between different levels of government makes possible the realization of certain basic values of a democratic state, the exercise of governmental power by two different levels of government raises questions of how the power should be divided and whether a particular level is acting within its powers. *Wisconsin's Envtl. Decade, Inc. v. DNR,* 85 Wis. 2d 518, 526 n.1, 271 N.W.2d 69, 72 (1978).

directly intrude on the reporting, prevention and control of communicable diseases addressed in WIS. ADM. CODE ch. HSS 145. *Cf. Trinity Memorial Hosp. v. Milwaukee County,* 113 Wis. 2d 18, 20-22, 334 N.W.2d 685, 686-87 (Ct. App. 1983) (county ordinance placing restriction on medical care to indigent beyond the scope of a county's power because it abrogated state statutory scheme).

Moreover, by providing at § 143.02(4), STATS., 1991-92, that rules or orders adopted by DHSS supersede local rules or ordinances which conflict, the legislature has implicitly recognized the authority of local health authorities to regulate in the same area. And since we conclude that this regulation is not in conflict with DHSS' authority and WIS. ADM. CODE ch. HSS 145, we uphold the regulation.

We now turn to Superb Video's argument that the regulation is invalid because it is a nuisance regulation that conflicts with § 146.14, STATS., 1991-92, because the forfeitures provided in the regulation are greater than those allowed by the statute.[2]

Section 146.14(1), STATS., 1991-92, provides:

[2] Open-booth requirements have been found to withstand various constitutional challenges. *See Libra Books, Inc. v. City of Milwaukee,* 818 F. Supp. 263 (E.D. Wis. 1993) (open-booth requirement did not violate rights to free speech and equal protection, nor was it unconstitutionally vague); *Suburban Video, Inc. v. City of Delafield,* 694 F. Supp. 585 (E.D. Wis. 1988) (open-booth requirement did not violate patrons' First Amendment rights to privacy); *City News & Novelty, Inc. v. City of Waukesha,* 170 Wis. 2d 14, 487 N.W.2d 316 (Ct. App. 1992) (open-booth requirement not violative of the customers' First Amendment rights). Here, however, Superb Video brings a statutory, not a constitutional, challenge.

**Nuisances. (1)** A "nuisance," under this section, *is any source of filth or cause of sickness.* The department [DHSS] may order the abatement or removal of a nuisance on private premises, and if the owner or occupant fails to comply, the department, or its agent, may enter upon the premises and abate or remove such nuisance. [Emphasis added.]

Superb Video first argues that because another Kenosha County circuit court in a prior action struck down a similar regulation as violative of § 146.14(1), STATS., 1991-92, this regulation is similarly doomed. Superb Video notes that the only difference between the present regulation and the prior one is the absence of language in the present regulation which labels a violation of the regulation as a "nuisance." Thus, Superb Video contends that the present regulation is really the prior nuisance regulation in disguise.

We have two responses to this argument. First, we observe that the prior circuit court ruling is not before us on this appeal and, in any event, is not binding on us. Second, we do not determine that a particular law is a nuisance regulation merely on the presence or absence of that label. Rather, we examine the substance and nature of the regulation.

We first look to § 146.14(1), STATS., 1991-92. That statute declares that sources of filth or causes of sickness are nuisances. The statute provides, inter alia, for the abatement and removal of those sources. However, as we have already noted, the board's regulation seeks to limit or prevent the opportunity for sexual conduct which might cause the transmittal of a communicable disease. As such, the regulation does not penalize or enjoin conditions of filth or sickness, although such might result from a violation of the regulation. Rather,

the regulation imposes structural and environmental requirements with regard to the physical condition of the property. The regulation penalizes violations of those requirements and permits their injunction. A condition of filth or sickness is not a prerequisite to a forfeiture prosecution or an injunction proceeding under the regulation, and the County would not have to establish a nuisance in order to prevail in such a proceeding. We hold that the regulation is not a nuisance law.[3]

We conclude that the board had the authority to enact the regulation at issue under its statutory duty to take measures to preserve the public health pursuant to §§ 141.015(6) and 141.02(2), STATS., 1991-92. We also hold that the regulation does not intrude on the nuisance provisions of § 146.14, STATS., 1991-92.

*By the Court.*—Judgment affirmed.

---

[3] Because we conclude that the County's regulation is not a nuisance regulation, we do not address Superb Video's argument that the enforcement provisions exceed those authorized by § 146.14, STATS., 1991-92.