Hugh R. MOMMSEN, Karen J. Mommsen, and John Mommsen, Plaintiffs-Respondents,

v.

Duane SCHUELLER, as commissioner of the Barron County Highway Department, Barron County Highway Committee, and Barron County, Defendants-Appellants.

Court of Appeals

*No. 98–3095. Submitted on briefs March 30, 1999.—Decided June 8, 1999.*

(Also reported in 599 N.W.2d 21.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John Muench,* corporation counsel, of Barron.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Joe Thrasher* and *Thrasher, Doyle, Pelish & Franti, Ltd.* of Rice Lake.

Before Cane, C.J., Myse, P.J., and Hoover, J.

HOOVER, J. This appeal involves access to Barron County Highway SS, a four-lane divided highway. Duane Schueller, the Barron County Highway Committee and Barron County (the County) appeal a summary judgment entered in favor of Hugh, Karen and John Mommsen, which: (1) invalidated the County's highway access ordinance on the grounds that it controlled access without complying with § 83.027, STATS.; and (2) permitted the Mommsens to construct a driveway onto Hwy. SS. The County claims that the circuit court erroneously determined that its highway access ordinance made Hwy. SS a controlled-access highway and invalidated the County's ordinance on the grounds that the County had no authority independent of § 83.027 to enact it. The County contends that it did not intend to create a controlled access highway and therefore did not follow § 83.027 procedures. Rather, it asserts, it is empowered by other statutes to control driveway access. We agree that to create a "con-

629

trolled-access highway," § 83.027 provisions must be satisfied. We further hold, however, that the County did not create a ch. 83 limited-access highway and the County may adopt an ordinance to control driveway access from private property to a public thoroughfare. Because the County was authorized to adopt the ordinance, we reverse the judgment and remand for further proceedings.

## BACKGROUND

The County enacted a highway access ordinance treating Hwy. SS differently from other county highways. BARRON COUNTY, WIS., ORDINANCES § 10.02 (1983). Among other things, the ordinance regulates driveway access onto Hwy. SS.[1] It requires a minimum spacing of 500 feet between driveways and a permit for highway access. The ordinance apparently[2] provides for the highway commissioner to review the applications and determine whether they raise safety concerns. The ordinance also permits turn-arounds every 1,000 feet.

The Mommsens sought driveway access to Hwy. SS for an area they planned to subdivide into eleven residential lots. The proposed access was part way up a hill and, in order to travel from the subdivision to the

---

[1] The ordinance does not, by its terms, regulate town road access.

[2] We use "apparently" because the ordinance is not internally consistent. For example, a permit must be obtained from the highway department under BARRON COUNTY, WIS., ORDINANCES § 10.02(5)(a) (1983), but subsec. (5)(c) indicates that the permit must be obtained from the highway commissioner. The ordinance also speaks of Hwy. SS as being a Class C highway at times, and as a Class B highway at others. We need not resolve these apparent inconsistencies for purposes of this appeal because they do not affect our decision.

City of Rice Lake, vehicles would have to drive more than 500 feet to a turnaround and then travel back. The County originally approved the permit, believing that the driveway would access only one dwelling. After learning that the access would serve at least eleven residences, it revoked the permit pursuant to its access ordinance. The County determined that the access would be unsafe for the amount of traffic the development would generate because the nearest turnaround was at least 500 feet away and because oncoming traffic would be accelerating and decelerating up and down the hill.

The Mommsens subsequently sued the County. The parties stipulated to certain facts, and the Mommsens moved for summary judgment on several grounds, including that the ordinance is invalid and they are not required to obtain a permit for highway access. The circuit court determined that because the ordinance attempted to regulate or limit access, it in effect created a controlled-access highway requiring the County to comply with § 83.027, STATS. It granted summary judgment because the County failed to comply with § 83.027.[3] The County appeals the judgment.

## STANDARD OF REVIEW

Whether the circuit court properly granted the Mommsens' motion for summary judgment is a question of law we review without deference to the circuit court. *See Gaertner v. Holcka*, 219 Wis. 2d 436, 445–46, 580 N.W.2d 271, 275 (1998). In determining whether

---

[3] The Mommsens contend that the circuit court also ruled that the purported revocation of the permit was invalid. We examined the record and disagree. The circuit court considered this issue, but determined that it was unnecessary to resolve it.

the circuit court properly granted summary judgment, we apply the same methodology as the circuit court. *Id.* at 446, 580 N.W.2d at 275. Because summary judgment methodology is well known, we need not repeat it except to observe that summary judgment is appropriate here if there is no genuine issue of material fact and the Mommsens are entitled to judgment as a matter of law. *See* § 802.08(2), STATS.

Resolution of whether the County can control driveway access to highways without creating a ch. 83, STATS., controlled-access highway involves several statutes, as well as the ordinance. The question of a statute's or an ordinance's application to a particular set of facts is a question of law we review de novo. *See Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989). The goal of statutory construction is to ascertain legislative intent, and to do so, we first examine the statute's plain meaning. *Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997). If the statute's meaning is plain on its face, our inquiry ends, and we will apply it to the facts of the case. *Id.* If, however, the statute is unclear, we will determine legislative intent from the statute's language in relation to its context, subject matter, scope, history, and the object that the legislature intended to accomplish. *Id.* at 365–66, 560 N.W.2d at 317.

## ANALYSIS

We initially examine § 83.027, STATS., to determine what constitutes a controlled-access highway. Subsection (2) defines a "controlled-access highway" as:

a highway on which the traffic is such that the county board has found, determined and declared it to be necessary, in the interest of the public safety, convenience and the general welfare to prohibit entrance upon and departure from the highway or street except at places specially designated and provided for such purposes, and to exercise special controls over traffic on such highway or street.

To designate a highway as "controlled-access," a county must follow procedures set forth in subsec. (1), beginning with traffic engineering surveys, investigations and studies.[4] The average traffic potential must be

[4] Section 83.027(1), STATS., provides:

The legislature declares that the effective control of traffic entering upon or leaving intensively traveled highways is necessary in the interest of public safety, convenience and the general welfare. The county board may designate as controlled-access highways the portions of the county trunk system on which, after traffic engineering surveys, investigations and studies, it finds, determines and declares that the average traffic potential is in excess of 1,000 vehicles per 24-hour day, except such controlled-access designation shall not be effective in cities, villages and towns until the decision of the county board has been referred to and approved by the governing body of such city, village or town. Such designation of a portion of any county trunk highway in any county as a controlled-access highway shall not be effected until after a public hearing in the matter has been held in the county courthouse or other convenient public place within the county following notice by publication of a class 3 notice, under ch. 985. If the county board then finds that the average traffic potential is as provided by this subsection, and that the designation of the highway as a controlled-access highway is necessary in the interest of public safety, convenience and the general welfare, it shall make its finding, determination and declaration to that effect, specifying the character of the controls to be exercised. Copies of the finding, determination and declaration shall be recorded with the register of deeds, filed with the county clerk, and published in the newspaper in which the notice of hearing was published, and the order shall be effective on such publication. At the time of designating such controlled-access mileage, the total of such mileage in any county shall not exceed 35% of

found to exceed 1,000 vehicles per day. The county must hold public hearings and find that designating the highway as controlled-access is necessary in the interest of public safety, convenience and general welfare. Finally, the county must specify the character of the controls to be exercised. A county is also prohibited from designating more than 35% of its highways as controlled-access highways.

The legislative intent is apparent from the statute's plain meaning. It provides that a controlled-access highway is one for which the county has made certain findings, determinations and declarations. It is undisputed that Barron County has not complied with the procedures set forth in subsec. (1) necessary to designate Hwy. SS a controlled-access highway. Therefore, by the statutory definition, Hwy. SS is not a controlled-access highway. This, however, does not end our inquiry. The Mommsens assert, and the circuit court determined, that by using the ordinance to restrict access, the County was in fact controlling access and that it could not do that without following § 83.027, STATS., requirements. The County responds that it may control driveway access absent compliance with § 83.027 under home rule and other statutory authority. We therefore examine the County's authority to control driveway access.

Wisconsin counties have only such powers as are expressly conferred by or necessarily implied from a grant of power. *State ex rel. Teunas v. County of Kenosha*, 142 Wis. 2d 498, 504, 418 N.W.2d 833, 835 (1988). As a creature of the legislature, a county must exercise

the county trunk mileage in such county on the preceding January 1 as published by the department.

its powers within the scope of authority that the State confers upon it. *Id.* at 504, 418 N.W.2d at 835–36. Our task is to determine if the applicable statutes empowered Barron County to enact the ordinance at issue. To make this determination, we must examine the home rule statute, § 59.03, STATS., which provides in part:

> Every county may exercise any organizational or administrative power, subject only to the constitution and to any enactment of the legislature which is of statewide concern and which uniformly affects every county.
>
> (2) . . . (a) Except as elsewhere specifically provided in these statutes, the board of any county is vested with all powers of a local, legislative and administrative character, including . . . the subject matter of . . . *highways* . . . .
>
> . . . .
>
> (f) The powers conferred by this subsection shall be in addition to all other grants of power and shall be limited only by express language. (Emphasis added.)

The statute thus gives counties the power to enact local legislation affecting their highways, subject to any legislation that is of statewide concern and uniformly affects every county.

The County contends that § 59.03, STATS., and the highway alteration statute, § 86.07(2), STATS., empower it to regulate driveway access without regard to § 83.027, STATS. Although the County concedes that § 83.027 is a matter of statewide concern,[5] it contends that it may still enact its ordinance because § 83.027 does not expressly prohibit access regulation and

[5] Because the parties do not dispute the statute is a matter of statewide concern, we do not address that issue.

635

because the ordinance does not conflict with the purpose, spirit or language of § 83.027.

The Mommsens counter that the County may not regulate access except through § 83.027, STATS. They argue that § 83.027 deals with a matter of statewide concern uniformly affecting every county and effectively preempting the County's highway ordinance. They assert that the ordinance creates the functional equivalent of a controlled-access highway contemplated by the statute without complying with its requirements. We conclude that the County's analysis is correct.

Our supreme court has recognized that some areas of statewide concern may be appropriately addressed locally under home rule. *See State ex rel. Michalek v. LeGrand*, 77 Wis. 2d 520, 526–27, 253 N.W.2d 505, 507 (1977). While some subjects of legislative action are exclusively of statewide concern and others are classified as entirely of local character, many subjects do not fit exclusively into one category. *See Superb Video v. County of Kenosha*, 195 Wis. 2d 715, 721, 537 N.W.2d 25, 27–28 (Ct. App. 1995). Four factors guide us in analyzing whether the County may act notwithstanding § 83.027, STATS:

> (1) whether the legislature has expressly withdrawn the power of municipalities to act;
>
> (2) whether the ordinance logically conflicts with the state legislation;
>
> (3) whether the ordinance defeats the purpose of the state legislation; or
>
> (4) whether the ordinance goes against the spirit of the state legislation.

636

*U.S. Oil v. City of Fond du Lac*, 199 Wis. 2d 333, 345, 544 N.W.2d 589, 594 (Ct. App. 1996) (citing *Anchor S&L Ass'n v. EOC*, 120 Wis. 2d 391, 397, 355 N.W.2d 234, 238 (1984)).

Although the Mommsens do not specifically address these four factors, we perceive their premption argument to implicate the second and fourth factors. We further reject the contention that the County's highway ordinance conflicts with or violates the spirit of § 83.027, STATS.

Section 83.027, STATS., is permissive because it provides that the county board *may* designate as controlled-access highways those portions of the county trunk system on which it follows the statute's procedures. If it does, the County may so regulate, restrict or prohibit access to or departure from the highway as the county board deems necessary or desirable. Section 83.027(3), STATS. If the County chooses not to comply with the statute's procedures, it does not forfeit its right to regulate driveway access, but merely forgoes the benefits that a controlled-access highway designation confers.[6]

Our conclusion that § 83.027, STATS., does not provide the exclusive means by which a county may regulate driveway access to a highway is reenforced by

---

[6] Normally, a person who owns property abutting a public street has a right of access or right of ingress to and from the street. *See Narloch v. DOT*, 115 Wis. 2d 419, 430, 340 N.W.2d 542, 547 (1983). Section 83.027(6), STATS., however, eliminates those rights. It provides:

> Abutting owners. After the designation of a controlled-access highway, the owners or occupants of abutting lands shall have no right or easement of access, by reason of the fact that their property abuts on the controlled-access highway or for other reason, except only the controlled right of access and of light, air or view.

the supreme court's interpretation of § 86.07(2), STATS., which provides in pertinent part:

> No person shall make any excavation or fill or install any culvert or make any other alteration in any highway or in any manner disturb any highway or bridge without a permit therefor from the highway authority maintaining the highway. Such permit shall contain the statement and be subject to the condition that the work shall be constructed subject to such rules and regulations as may be prescribed by said authority and be performed and completed to its satisfaction . . . . Nothing herein shall abridge the *right of the department or the county board or its highway committee to make such additional rules, regulations and conditions not inconsistent herewith as may be deemed necessary* and proper for the preservation of highways, or for the safety of the public, and to make the granting of any such permit conditional thereon. (Emphasis added.)

The supreme court has held § 86.07(2), STATS., can be used to regulate access in the interests of public safety and convenience. *See Narloch v. DOT*, 115 Wis. 2d 419, 432, 340 N.W.2d 542, 549 (1983) ("The regulation of driveway construction and location . . . does not deny the right to access, but merely regulates access in the interests of public safety and convenience."); *Bear v. Kenosha County*, 22 Wis. 2d 92, 96, 125 N.W.2d 375, 378 (1973) ("This section does not deny the right to access but regulates access in the interests of public safety and convenience."). Given the permissive nature of §§ 83.027 and 86.07, STATS., which empower the County to regulate driveway access, we determine that the ordinance does not conflict with § 83.027's purpose

or spirit. The ordinance is valid because the County's authority to enact local legislation limiting access to its highways is not preempted by § 83.027.

Highway SS is not a controlled-access highway because it does not meet the statutory definition. Section 83.027, STATS., does not preempt the County's home rule and other statutory authority permitting it to regulate and restrict driveway access to its highways. We therefore reverse the summary judgment and remand for proceedings consistent with this decision.

*By the Court.*—Judgment reversed and cause remanded with directions.